|   |   |
|---|---|
| PAMELA KRASNER, | No. 2:18-cv-01602-TLN-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| FORD MOTOR COMPANY, a Delaware Corporation; D.O. NERONDE, INC., a California Corporation dba AUBURN FORD; and DOES 1 through 10, inclusive, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Plaintiff Pamela Krasner's ("Plaintiff") Motion to Remand. (ECF No. 10.) Plaintiff filed an action in the Superior Court of California, County of Placer on May 1, 2018, alleging breach of warranty and fraudulent inducement claims. (ECF No. 1-2.) Defendants Ford Motor Company, a Delaware Corporation, and D.O. Neronde, Inc., a California Corporation doing business as Auburn Ford, (collectively "Defendants") oppose Plaintiff's motion. (ECF No. 16.) For the reasons set forth below, Plaintiff's motion is GRANTED. Consequently, Defendant Ford Motor Company's Motion for Judgment on the Pleadings, (ECF No. 8), Defendant Ford Motor Company's Motion for Protective Order and Motion to Quash, (ECF No. 26), and Defendant Auburn Ford's Motion for Judgment on the Pleadings, (ECF No. 12), are DENIED AS MOOT.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2007, Plaintiff purchased a new 2008 Ford F-250 vehicle (the "Vehicle"), which was allegedly delivered with serious defects and nonconformities to the existing warranties on the Vehicle. (ECF No. 1-2 ¶¶ 8–9.) Plaintiff alleged in her complaint, that the Vehicle was accompanied by express warranties which Defendant Ford Motor Company "undertook to preserve or maintain the utility or performance of Plaintiff's [V]ehicle or provide compensation if there was a failure in such utility or performance." (ECF No. 1-2 ¶ 8.) According to Plaintiff, various failures of the Vehicle's engine, brakes, exterior, and interior occurred. (ECF No. 1-2 ¶ 9.)

Plaintiff subsequently filed an action in the Superior Court of California, County of Placer[1] on May 1, 2018, alleging breach of warranty and fraudulent inducement claims. (ECF No. 1-2.) Plaintiff named Ford Motor Company and D.O. Neronde, Inc. dba Auburn Ford, as defendants. (ECF No. 1-2.) Plaintiff alleges four violations against Defendant Ford Motor Company only.[2] (ECF No. 1-2 at 20–25.) Plaintiff brought a fifth cause of action for negligent repair only against Defendant Auburn Ford. (ECF No. 1-2 at 26.) On May 31, 2018, Defendant Ford Motor Company and Defendant Auburn Ford filed separate answers to Plaintiff's complaint in state court. (ECF No. 1-6; ECF No. 1-7.) On June 1, 2018, Defendant Ford Motor Company filed a notice of removal to federal court. (ECF No. 1.)

In its notice of removal, Defendant Ford Motor Company contends that the amount in controversy exceeds $75,000, sufficient to satisfy the requirements set forth in 28 U.S.C. § 1332.. (ECF No. 1 ¶ 10.) Moreover, Plaintiff is, and was at the time of filing the complaint, a citizen and resident of California. (ECF No. 1 ¶ 21; ECF No. 1-2 ¶ 2.) Defendant Ford Motor Company is, and was at the time Plaintiff filed the Complaint, a corporation organized under the laws of Delaware with its principal place of business in Michigan. (ECF No. 1 ¶ 22; ECF No. 1-2 ¶ 2.) Defendant Auburn Ford, however, is a California Corporation. (ECF No. 1 ¶ 23; ECF No. 1-2 ¶

---

[1] *See Krasner v. Ford Motor Company*, Case No. SCV0041088 (hereinafter "State Action").
[2] Plaintiff alleges: (1) a violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790–95.5 (ECF No. 1-2 at 20); Fraudulent Inducement, Concealment (ECF No. 1-2 at 21); Fraudulent Inducement, Intentional Misrepresentation (ECF No. 1-2 at 23); and Fraudulent Inducement, Negligent Misrepresentation (ECF No. 1-2 at 24).

3.) Defendant Ford Motor Company contends Plaintiff fraudulently joined Defendant Auburn Ford in this products liability and fraud action for no reason other than to defeat diversity jurisdiction and prevent removal of the case to federal court. (ECF No. 1 ¶ 23.)

**II.    STANDARD OF LAW**

A.    <u>Removal</u>

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a limited liability company ("LLC") is a citizen of every

state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 879 (9th Cir. 2018).

### B. Fraudulent Joinder

A defendant's burden to establish fraudulent joinder is a "heavy" one. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Joinder will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. *Amarant v. Home Depot U.S.A.*, No. 1:13-CV-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (citing *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)); *Hunter*, 582 F.3d at 1044 (citing *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary")).

Moreover, a defendant must prove fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must be resolved in favor of remand. *Archuleta v. Am. Airlines, Inc.*, No. CV 00-1286 MMM (SHX), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway*

*Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *see also Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) (suggesting that for fraudulent joinder to exist, a claim would have to be so frivolous as to violate Federal Rules of Civil Procedure 11(b), meriting possible sanctions).

**III.    ANALYSIS**

Defendant Ford Motor Company, in its notice of removal, contends that diversity of citizenship exists, and thus removal is proper. (ECF No. 1 at 5.) Specifically, Defendant Ford Motor Company argues Plaintiff fraudulently joined Defendant Auburn Ford "for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court." (ECF No. 1 at 6.) Moreover, Defendant Ford Motor Company contends that Defendant Auburn Ford is a nondiverse dispensable party pursuant to Fed. R. Civ. P. 21 ("Rule 21"), and thus this Court may sever the claims against Defendant Auburn Ford and allow the remainder of the case to remain in federal court. (ECF No. 1 at 6.) Plaintiff argues that this action should be remanded to state court because Defendant Ford Motor Company has not shown complete diversity of the parties exists. (ECF No. 10 at 5.)

        A.     Fraudulent Joinder

Defendants argue that Plaintiff fraudulently joined Defendant Auburn Ford as a basis for defeating diversity jurisdiction. (ECF No. 16 at 2.) Fraudulent joinder can be established in two ways: (1) where there is an actual fraud in the pleading of jurisdictional facts; or (2) where a defendant can show that "an 'individual[] joined in the action cannot be liable on *any* theory." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis added) (quoting *Ritchey*, 139 F.3d at 1318). Here, Defendants have not alleged actual fraud within the pleading itself. Instead, Defendants assert: (1) Plaintiff's claim against Defendant Auburn Ford is time-barred; (2) Plaintiff's claim against Auburn Ford is barred by the economic loss rule; and (3) Plaintiff fails to sufficiently plead causation. (ECF No. 16 at 5–6.)

            *i.     Whether Plaintiff's Claims are Time-Barred*

Defendants argue that Plaintiff's claim for negligent repair against Defendant Auburn Ford fails because it is barred by the statute of limitations. (ECF No. 16 at 5.) Plaintiff responds

that the Complaint clearly alleges that the negligent repair claim stems from repairs performed by Defendant Auburn Ford on or around December 16, 2015. (ECF No. 20 at 5–6; ECF No. 1-2 ¶ 59.) Plaintiff thus claims that the Complaint, filed on May 1, 2018, was within the three-year statute of limitations. (ECF No. 20 at 5–6.)

Here, Plaintiff's negligent repair claim is not time-barred on the face of the complaint. An action for injury to personal property has a three-year statute of limitations. Cal. Civ. Proc. Code § 338(c). Defendant agrees that a three-year statute of limitations applies. (ECF No. 12-1 at 3.) The Complaint alleges Plaintiff delivered the Vehicle for repairs at Defendant Auburn Ford on December 16, 2015. (ECF No. 1-2 ¶ 59.) The Complaint was filed on May 1, 2018, (ECF No. 1-2), and thus is within the three-year statute of limitations. Accordingly, the negligent repair claim against Defendant Auburn Ford is not time-barred on the face of the Complaint.

       *ii.*  *Whether Plaintiff's Claims are Barred by the Economic Loss Rule*

Defendants argue that Plaintiff's claim for negligent repair against Defendant Auburn Ford fails because it is barred by the economic loss rule as Plaintiff did not allege personal injury or injury to any property other than the Vehicle. (ECF No. 16 at 5.) Plaintiff contends there is an exception to the economic loss rule where a defendant's allegedly tortious conduct is entirely separate from the underlying contract. (ECF No. 18 at 4.)

Under the economic loss rule, "a plaintiff [can] recover in strict products liability in tort when a product defect causes damages to 'other property,' that is, property other than the product itself. The law of contractual warranty governs damages to the product itself." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002). To apply the economic loss rule, courts first determine what the product at issue is. *Id.* Then, courts determine "whether the injury is to the product itself (for which recovery is barred by the economic loss rule) or to property other than the defective product (for which plaintiffs may recover in tort." *Id.*

"California decisional law has long recognized that the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Id.*; *see also KB Home v. Superior Court*, 112 Cal. App. 4th 1076, 1087 (2003), *as modified on*

*denial of reh'g* (Nov. 19, 2003); *Stearman v. Centex Homes*, 78 Cal. App. 4th 611, 622 (2000).

Defendants have not demonstrated that the economic loss rule bars Plaintiff's negligent repair claim. In the Complaint, Plaintiff alleges deficiencies with several engine components, such as the exhaust gas recirculation cooler, oil cooler, radiator, and fuel injector. (ECF No. 1-2 ¶ 16.) Thus, "[t]he economic loss rule would not bar recovery in tort for damage that these subcomponents cause to the engine as a whole or for damage that the engine caused to the Vehicle in which it has been incorporated." *Sabicer v. Ford Motor Co.*, No. CV 18-10249-CJC(JDEx), 2019 WL 1012303, at *2 (C.D. Cal. Mar. 1, 2019); *see also McKeown v. Ford Motor Co.*, No. CV 19-00281-CJC(PLAx), 2019 WL 1199468, at *3 (C.D. Cal. Mar. 13, 2019).

To support their contention that the economic loss rule bars Plaintiff's negligent repair claim, Defendants cite to *Ruiz v. BMW of N. Am., LLC*, No. 2:16-CV-01177-ODW (AGRx), 2017 WL 217746 (C.D. Cal. Jan. 18, 2017). (ECF No. 16 at 5.) In *Ruiz*, the court found the economic loss rule barred the plaintiff's negligent repair claim because the plaintiff did not allege any personal injury nor injury to property other than the defective vehicle. *Ruiz*, 2017 WL 217746, at *2. However, the court in *Ruiz* did not discuss the effect of *Jimenez* and the caselaw allowing for recovery when a defective component damages a larger product in which the component is incorporated. In the instant case, Plaintiff alleges the defective components caused damage to a larger whole — the vehicles equipped with the defective components. (ECF No. 1-2 ¶ 17.) Specifically, Plaintiff alleges the defective engine components caused damage to the vehicles in the form of affecting drivers' ability to control the vehicles. (ECF No. 1-2 ¶ 17.) Defendants' argument is not persuasive. Accordingly, the negligent repair claim against Defendant Auburn Ford is not barred by the economic loss rule.

### iii. *Whether Plaintiff Sufficiently Plead Causation*

Defendants argue that Plaintiff's claim for negligent repair against Defendant Auburn Ford fails because Plaintiff did not sufficiently plead causation. (ECF No. 16 at 6.) More specifically, Defendants contend Plaintiff does not identify her damages or explain how they were caused by Defendant Auburn Ford's negligent storage, preparation, or repair. (ECF No. 16 at 6.) Plaintiff responds by asserting she has plead sufficient facts to support her claim and that the

relevant inquiry is whether Plaintiff could state a claim against Defendant Auburn Ford. (ECF No. 18 at 4.)

Here, Defendants have not shown that Defendant Auburn Ford cannot be found liable under any theory. Despite Plaintiff's contention that Plaintiff did not identify her damages or explain how they were caused by Defendant Auburn Ford's negligent storage, preparation, or repair, these alleged deficiencies could be addressed in an amendment to the Complaint. Defendants do not argue Plaintiff would be unable to address these alleged deficiencies through amendment. Thus, these alleged deficiencies are insufficient to establish that Defendant Auburn Ford cannot be found liable under any theory. *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (citing *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) ("[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.")). Therefore, Defendants' argument that Plaintiff inadequately plead causation is insufficient to deny remand.

In sum, the statute of limitations and the economic loss rule do not bar Plaintiff's negligent repair claim. Moreover, Defendants have not proven that the alleged pleading deficiencies identified by Defendants could not be cured through amendment. Accordingly, joinder of Defendant Auburn Ford was not fraudulent.

### B. Dispensable Party Pursuant to Rule 21

Alternatively, Defendants argue Defendant Auburn Ford is a nondiverse dispensable party pursuant to Rule 21, and thus this Court should sever the claim against Defendant Auburn Ford. (ECF No. 16 at 6–7.) Plaintiff contends Defendant Auburn Ford is not a dispensable party and that Plaintiff will be prejudiced if her claims are severed. (ECF No. 18 at 5–7.)

Defendant's argument is unconvincing. "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . ." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). However, such authority should be exercised sparingly and after carefully considering whether the dismissal of a dispensable nondiverse party will prejudice any parties in the litigation. *Id.* at 837–38. The Court declines to exercise such

authority here. "Quite simply, a defendant lacking the proper jurisdictional key with which to open the doors of federal court cannot rely on Rule 21 severance as a surreptitious means to climb in the window." *Smith Garske v. Ford Motor Co.*, No. CV 18-4860 FMO (KSx), 2018 WL 3436822, at *2 (C.D. Cal. July 16, 2018) (quoting *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1214 (D. Nev. 2018)). Moreover, Plaintiff alleges Defendant Auburn Ford performed repairs of the Vehicle on numerous occasions. (ECF No. 1-2 ¶ 145.) Therefore, it would be much more convenient if Plaintiff presented any claims related to those repairs in the same case.

In sum, Defendants have not met their "heavy" burden. *Hunter*, 582 F.3d at 1046. Defendants have not shown the joinder of Defendant Auburn Ford was fraudulent. Thus, the parties in this action lack complete diversity and this Court lacks subject matter jurisdiction. Accordingly, this action must be remanded to the Superior Court of California, County of Placer.

### IV. ATTORNEY'S FEES

Plaintiff seeks attorney's fees and costs because it contends Defendant Ford Motor Company's removal was objectively unreasonable. (ECF No. 10 at 10.) Defendant argues fees and costs should not be awarded because there was an objectively reasonable basis for seeking removal. (ECF No. 16 at 7–8.)

Here, there was an objectively reasonable basis for the removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC*, 889 F.3d at 552 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In this case, "unsettled case law on the application of the economic loss rule provided an objectively reasonable basis for Defendants to believe that the economic loss rule barred Plaintiff's negligent repair claim and that [Auburn] Ford was fraudulently joined." *McKeown*, 2019 WL 1199468, at *4. Accordingly, the Court declines to award attorney's fees and costs to Plaintiff.

///

## V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Remand. (ECF No. 10.) Consequently, Defendant Ford Motor Company's Motion for Judgment on the Pleadings, (ECF No. 8), Defendant Ford Motor Company's Motion for Protective Order and Motion to Quash, (ECF No. 26), and Defendant Auburn Ford's Motion for Judgment on the Pleadings, (ECF No. 12), are DENIED AS MOOT. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 28, 2019

Troy L. Nunley
United States District Judge